**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CALYPSO WIRELESS, INC., DRAGO DAIC, & JIMMY WILLIAMSON, P.C., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant-Counterclaim Plaintiff. | Case No. 2:08-CV-441-JRG-RSP <br><br> Jury Trial Demanded |

**DEFENDANT T-MOBILE USA, INC.'S
SECOND MOTION TO DISMISS FOR
<u>FAILURE TO PROSECUTE</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS .............................................................................................2

    A. Calypso Neglected Any Prosecution of the Merits From the Time It Filed this Case in 2008 ........................................................................................2

    B. Calypso Completely Abandoned This Case After the Court's Stay Expired in Late 2010, and Made No Effort to Set a New Schedule ...................5

    C. Calypso Ignored T-Mobile's Warnings That It Would Have No Choice But to Bring This Motion to Dismiss for Failure to Prosecute ............................5

III. ARGUMENT ..................................................................................................................6

    A. Calypso's Inexcusable Neglect of this Case Alone Justifies Dismissal for Failure to Prosecute ........................................................................................7

        1. Plaintiffs Have Demonstrated a Clear Pattern of Delay................7

        2. Nothing Less than Dismissal Would Serve the Interests of Justice ....................................................................................8

    B. Serious Aggravating Factors Further Compel Dismissal in this Case ...................8

        1. Calypso, independent of its counsel, is responsible for delaying and then abandoning this case ........................................8

        2. Calypso intentionally delayed and then abandoned any prosecution of this case ..............................................................10

        3. T-Mobile has been prejudiced by Calypso's delays and abandonment of this case .........................................................10

IV. CONCLUSION .............................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Callip v. Harris County Child Welfare Dep't,*
    757 F.2d 1513, 1519 (5th Cir. 1985) ............................................................................... 7, 8, 10

*Hickman v. Fox Television Station Inc.,*
    177 F. App'x at 429 (5th Cir. 2006) ...................................................................................10, 11

*Hickman v. Fox Television Station, Inc.,*
    231 F.R.D. 248, 253 (S.D. Tex. 2005) ........................................................................................10

*Int'l Gamco, Inc. v. Multimedia Games, Inc.,*
    504 F.3d 1273, 1276 (Fed. Cir. 2007) .........................................................................................3

*Int'l Nutrition Co. v. Horphag Research Ltd.,*
    257 F.3d 1324, 1331 (Fed. Cir. 2001) .........................................................................................3

*Martin-Trigona v. Morris,*
    627 F.2d 680, 682 (5th Cir. 1980) ...............................................................................................9

*McZeal v. Sprint Nextel Corp.,*
    335 Fed. App'x 966, 969 (5th Cir. 2009) ...................................................................................6

*Rocky Mountain Technology Engineering Co., LLC v. Hutchens Industries, Inc.,*
    263 F. App'x 895, 896-900 (Fed. Cir. 2008) ..........................................................................9, 10

*Salinas v. Sun Oil Co.,*
    819 F.2d 105, 106 (5th Cir. 1987) ...............................................................................................7

*Sealed Appellant v. Sealed Appellee,*
    452 F.3d 415, 417-18 (5th Cir. 2006) .....................................................................................6, 7

*Veazey v. Young's Yacht Sale & Serv.,*
    644 F.2d at 477 (5th Cir. 1981) .................................................................................................11

**Rules**

Fed. R. Civ. P. 41(b) ..........................................................................................................................6

I.   **INTRODUCTION**

Calypso filed this case in 2008, over three years ago, and has never prosecuted it. At the outset, Calypso brought this action even though it did not have ownership of the patent-in-suit or even the right to enforce it. That inappropriate filing resulted in well over a year of wasteful and costly motion practice and amended pleadings, requests for multiple extensions and stays, all with no progress on the merits of any kind. Accordingly, in light of Calypso's complete failure to prosecute the case, T-Mobile brought a motion to dismiss for failure to prosecute nearly two years ago, in early 2010. Calypso avoided that motion only by representing that Calypso cured its problems and was ready to proceed with the case. Two years later, Calypso's representations have proven false. In fact, rather than proceeding with its case on the merits, Calypso instead, in late 2010, requested yet another stay. The Court granted Calypso's request but a set a 90-day limit to the stay.

Although that last stay expired in December of 2010, Calypso has done absolutely nothing since that time. Rather, Calypso has abandoned this case entirely, ignoring both T-Mobile and the orders of this Court. Calypso has not made even a single contact with T-Mobile since 2010. Calypso did not even contact T-Mobile to discuss a schedule for the case as it promised to do. Even worse, Calypso did not even *respond* when T-Mobile contacted Calypso almost a year ago. Indeed, T-Mobile wrote Calypso in April of 2011 and warned Calypso that T-Mobile would have to file yet another motion to dismiss for failure to prosecute, but Calypso ignored the e-mail. Specifically, T-Mobile stated:

> As you know, since filing this case, Calypso has not pursued its claims against T-Mobile. The last communication we had was the e-mail below from December, in which you advised me that you would contact me in the first week of January to discuss a new scheduling order. Despite this communication, the absence of a stay and imminent deadlines (including the close of fact discovery), neither you nor anyone else ever contacted us on behalf of Calypso.
>
> Given Calypso's failure to pursue this case -- since it was filed in November 2008 and after the most recent stay -- we have assumed that Calypso determined not to pursue its claims against T-Mobile.

> This is not surprising considering that, as we have repeatedly explained, Calypso lacks a good faith basis to assert infringement by T-Mobile of the patent-in-suit (which also is invalid).
>
> Please let us know whether Calypso will now agree to dismiss its claims against T-Mobile with prejudice or whether it will be necessary for T-Mobile to seek relief from the Court.[1]

Calypso did not even respond to this e-mail in April of 2011 when it was sent or at any other time since. In fact, T-Mobile has heard nothing of Calypso since late 2010, and Calypso has done nothing since then to advance this case at all.

This case should now be dismissed with prejudice. Calypso has abandoned its case, despite the fact that both T-Mobile and this Court provided Calypso with repeated opportunities to proceed. T-Mobile already filed a prior motion to dismiss for failure to prosecute, and warned Calypso of the consequences of allowing the stay to expire and critical deadlines to pass nearly a year ago. And, this Court has already granted Calypso multiple stays and extensions, which Calypso utterly disregarded. All throughout the last three years, Calypso has done nothing. Indeed, fact discovery has now been closed for nearly a year, and yet Calypso has not taken a single deposition, has not served a single interrogatory, and has even refused to respond to T-Mobile's interrogatories. In fact, Calypso has not even responded to T-Mobile's counterclaims of non-infringement and invalidity. Calypso has knowingly abandoned its case not because of events outside of its control, but because its claims have no merit. For these reasons, T-Mobile's motion to dismiss should be granted.

## II.   STATEMENT OF FACTS

### A.   Calypso Neglected Any Prosecution of the Merits From the Time It Filed this Case in 2008

From the outset of this case, Calypso neglected any litigation of the merits and instead bogged down both T-Mobile and the Court with an ever-expanding dispute over the ownership

---

[1]   April 4, 2011, email from J. Krevitt (Ex. 3 to Declaration of Anne Champion in Support of T-Mobile's Second Motion to Dismiss for Failure to Prosecute ("Champion Decl.")).

of its patent.[2] Calypso filed this patent infringement suit over three years ago on November 13, 2008. T-Mobile, the only defendant in this case, is alleged to infringe a single asserted patent, U.S. Patent No. 6,680,923 ("the '923 patent"). Soon after Calypso filed its original complaint in this action, T-Mobile discovered that Calypso lacked standing to sue because two others, an individual named Drago Daic ("Daic") and a law firm known as Jimmy Williamson, P.C. ("Williamson"), also held an interest in the patent-in-suit, but had not been named as plaintiffs.[3] Rather than file a motion to dismiss for lack of standing, T-Mobile permitted Calypso to file a First Amended Complaint, which was filed in March 2009.[4] However, Calypso added only one of these two other co-owners, which allowed these standing issues to fester.[5] Calypso then wasted another full year failing to resolve its ownership dispute and obtaining multiple stays and extensions, but without litigating any of the merits of this case.[6]

---

[2] A detailed account of Plaintiffs' ownership dispute and the standing issues it created is set forth in T-Mobile's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Prosecute (D.I. 109) at 3-10.

[3] All co-owners of a patent must generally join in a suit for patent infringement to create standing. *See, e.g., Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed. Cir. 2007) (dismissing for lack of standing where plaintiff was a licensee that did not hold all substantial rights in the patent); *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) (affirming summary judgment against plaintiff who failed to join co-owner).

[4] *See* Plaintiffs' Amended Original Complaint (D.I. 14).

[5] *Id*.

[6] For example, in September 2009, Calypso's (and Daic's) counsel withdrew due to Calypso and Daic's "competing claims of ownership and control of the patent-in-suit." Plaintiffs' Opposed Motion to Withdraw (D.I. 40), ¶ 21. The plaintiffs then requested a 30-day stay, which ultimately turned into a two-month stay, to find new counsel. *See* Emergency Motion to Stay Case Pending Plaintiffs' Engagement of New Counsel (D.I. 41); Order, dated September 28, 2009, granting stay (D.I. 48); Order, dated October 23, 2009, granting additional stay (D.I. 54). However, when that stay expired, Daic filed a motion to remove Calypso from the case and substitute in a trustee who purportedly would auction Calypso's interest in the patent. Daic also requested that this case be stayed. *See* Motion to Substitute a Party and Temporarily Stay the Case (D.I. 57). In response, on January 13, 2010, Calypso filed a motion for a restraining order against Daic. *See* Emergency Motion for Temporary Restraining Order (D.I. 89).

In February of 2010, T-Mobile had no choice but to file its first motion to dismiss for failure to prosecute, along with a motion to dismiss for lack of standing—indeed, nearly fourteen months had passed since bringing this action and Calypso had not yet clarified which entity had a right to enforce the patent, and had not begun taking discovery.[7] Only then did Calypso hastily respond with a stipulation that purported to "cure any possible, arguable or perceived defect" of standing by finally joining all co-owners as Plaintiffs and designating Calypso as "the party responsible for management" of this lawsuit.[8]

Unfortunately Calypso's neglect of this case did not end with Calypso's evasion of T-Mobile's first motion to dismiss. Since that time, Calypso, at every turn, has neglected to pursue this case. For example, T-Mobile served an answer and counterclaims to Calypso's Second Amended and Supplemental Complaint in March 2010, but Calypso, to this day, still has not answered T-Mobile's counterclaims.[9] In addition, T-Mobile served a set of interrogatories on Calypso in August 2010, but to this day, Calypso has yet to respond to T-Mobile's interrogatories.[10] In the meantime, Calypso did not take a single deposition and never issued any written discovery. Finally, in September 2010, on the eve of the claim construction briefing deadline, and after requesting multiple extensions, Calypso asked for yet another stay, telling T-Mobile that it wanted to settle the case.[11] The Court granted a 90-day stay that expired on December 22, 2010.[12]

---

[7] T-Mobile's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Prosecute (D.I. 109); Champion Decl., ¶ 2.

[8] Joint Stipulation (D.I. 111), ¶ 4, ¶ 8.

[9] *See* T-Mobile's Answer and Counterclaims to Calypso's Second Amended and Supplemental Complaint (D.I, 126); Champion Decl., ¶ 3.

[10] *See* September 2, 2010 email from A. Miller (Ex. 1 to the Champion Decl.); Champion Decl., ¶ 4

[11] *See* Docket Control Order (D.I. 132) at 3; Emergency Joint Unopposed Motion to Stay the Case for 90 Days (D.I. 170).

[12] Order, dated September 23, 2010, granting 90-day stay (D.I. 171).

### B. Calypso Completely Abandoned This Case After the Court's Stay Expired in Late 2010, and Made No Effort to Set a New Schedule

In late December 2010, after the parties were unable to reach a settlement and the stay expired, T-Mobile reached out to Calypso and expressed a willingness to continue with the settlement discussions. Calypso indicated that its Board had declined T-Mobile's offer and stated that Calypso would contact T-Mobile within a few weeks regarding a new scheduling order. Specifically, on December 23, 2010, Calypso sent the following e-mail to Josh Krevitt, lead counsel for T-Mobile:

> The Calypso board confirmed that it was Ms. Scanlan [in-house counsel for T-Mobile] who brought up the idea of extending the stay. They decline to do so under the circumstances you propose. I'll be in touch the first week of January to work out a new scheduling order.[13]

Calypso never contacted T-Mobile again, not in early January 2011 as promised nor at any other time to this day. T-Mobile waited for Calypso to pursue its claims, but notwithstanding the termination of the stay, Calypso failed to do so.

### C. Calypso Ignored T-Mobile's Warnings That It Would Have No Choice But to Bring This Motion to Dismiss for Failure to Prosecute

Several months later, in April 2011, with Calypso still not pursuing its claims or otherwise addressing the absence of a stay in the case, T-Mobile wrote to Calypso's counsel concerning Calypso's persistent failure to prosecute this case.[14] As discussed above, T-Mobile reminded Calypso that the Court's stay had expired and that fact discovery would soon close, and warned Calypso that T-Mobile would likely be filing another motion for failure to prosecute. To this day, Calypso has never responded to this email—or otherwise contacted T-Mobile to pursue this case. In fact, even in the face of T-Mobile's express warning, Calypso allowed the fact discovery deadline to pass without seeking to modify it, even though Calypso had never

---

[13] December 23, 2010, email from A. Miller (Ex. 2 to Champion Decl.).

[14] April 4, 2011, email from J. Krevitt (Ex. 3 to Champion Decl.).

taken a single deposition, never served a single interrogatory, and never responded to a single one of T-Mobile's interrogatories.

In sum, Calypso has taken no action to advance its claims against T-Mobile since the last stay it requested expired in December 2010. In fact, the *only* contact from Calypso in the last 13 months came recently when Calypso's counsel, Anthony Miller, called to seek consent to his motion to withdraw as counsel from the case.[15]

### III. ARGUMENT

Calypso has utterly failed to prosecute its claims against T-Mobile since it commenced this action in November 2008. More than three years into this case, Calypso has not taken any fact or expert discovery, has not filed any claim construction briefing, and has abandoned any prosecution of its claims since December 2010.

It is axiomatic that plaintiffs are required to prosecute their claims diligently. This policy is embodied in the Federal Rules of Civil Procedure, which provide that "a defendant may move to dismiss the action" if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Under Fifth Circuit law, in order to grant dismissal for failure to prosecute, two "requisite factors" must be found: (1) a clear record of delay or contumacious conduct by the plaintiff; and (2) lesser sanctions would not serve the best interests of justice. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417-18 (5th Cir. 2006).[16] Although the presence of these two requisite factors can alone justify dismissal, one or more "aggravating factors" can further support dismissal. *Id*. at 418. There are three aggravating factors that the Fifth Circuit considers: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for

---

[15] *See* Motion to Withdraw as Attorney (D.I. 174).

[16] Because dismissal for failure to prosecute is a procedural matter not unique to patent law, Fifth Circuit law applies. *See, e.g.*, *McZeal v. Sprint Nextel Corp.*, 335 Fed. App'x 966, 969 (5th Cir. 2009).

6

the delay; (2) whether the delay was the result of intentional conduct; and (3) the degree of actual prejudice to the defendant. *Id.*; *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985).

Calypso's egregious and inexcusable history of persistent delay is grounds for dismissal under settled law. In addition, all of the aggravating factors favoring dismissal are also present. For these reasons, discussed below, T-Mobile's motion should be granted.

### A. Calypso's Inexcusable Neglect of this Case Alone Justifies Dismissal for Failure to Prosecute

#### 1. Plaintiffs Have Demonstrated a Clear Pattern of Delay

Calypso's failure to litigate the merits of this case demonstrates starkly a long pattern of delay—the first requisite factor in support of dismissal. Courts have dismissed cases for failure to prosecute based on similar showings of delay. *See, e.g., Sealed Appellant*, 452 F.3d at 419 (dismissing after two years of delays); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987) (dismissing based on two years of delays and multiple missed deadlines and appearances); *Callip*, 757 F.2d at 1519-21 (dismissing based on multiple missed deadlines and requests for extensions over two and a half years).

Calypso's pattern of delay begins with its failure to join all co-owners of the patent-in-suit as plaintiffs, which led to multiple stays, motions, and amended pleadings, all while Calypso ignored any litigation of the merits. This legal morass was followed by multiple extensions and delays that resulted only in unanswered interrogatories and no claim construction briefs being filed. Finally, Calypso sought and received a 90-day stay to pursue settlement, which expired over a year ago in December 2010. Calypso has blatantly ignored the expiration of the stay and has not taken any action in this case since December 2010—aside from a single filing noting the withdrawal of one of its attorneys.

Indeed, despite the absence of a stay since December 2010, and despite the fact that fact discovery closed on April 11, 2011, Calypso has failed to approach T-Mobile or the Court regarding a new schedule, and has never contacted or communicated with T-Mobile to move the

case forward. In sum, there is no clearer sign of delay than Calypso spending three years in a litigation and allowing fact discovery to close without ever taking a deposition, serving its own interrogatories, or answering T-Mobile's interrogatories—topped off by Calypso's total abandonment of the case since December 2010. Calypso has been entirely absent from its own lawsuit for over a year. Therefore, Calypso's record of delay is clear and this factor provides strong grounds for dismissal.

### 2. Nothing Less than Dismissal Would Serve the Interests of Justice

Dismissal with prejudice is appropriate here because Calypso has wasted the multiple stays and extensions it has already received, and has brazenly disregarded the expiration of the Court's stay for over a year. As the Fifth Circuit has explained, "[p]roviding plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice." *Callip*, 757 F.2d at 1521. Calypso has been afforded multiple chances by T-Mobile and the Court to put its house in order and prosecute its claims in earnest, yet Calypso has nothing to show in return for these indulgences. The multiple stays and extensions afforded Calypso have led only to more delays, culminating in Calypso's total abandonment of the case since late 2010.

Therefore, both T-Mobile and this Court have already provided Calypso multiple opportunities to put this case on a track toward resolution. Calypso is not entitled to yet more chances when all it has done for over a year is disregard the Court's order and abandon this case. Rule 41(b) exists precisely for situations such as this when multiple attempts to allow a plaintiff to correct its delinquencies have been met only with further delay and neglect.

### B. Serious Aggravating Factors Further Compel Dismissal in this Case

#### 1. Calypso, independent of its counsel, is responsible for delaying and then abandoning this case

The seriousness of Calypso's delays and abandonment of this case are aggravated by the fact that Calypso, and not merely its counsel, is clearly responsible for this long pattern of delay. Calypso simply chose to stop litigating its claims and disregard both the expiration of the stay

8

and the deadline for the close of fact discovery. Courts in this Circuit have upheld dismissals due to failure to prosecute where plaintiffs, instead of their counsel, are responsible for the delays because plaintiffs have an independent obligation to attend to their case, and to see that their claims move forward. *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980) (affirming dismissal for failure to prosecute and noting that delays were "not the result of counsel's dereliction but . . . appellant's inattention to the case"). Moreover, the Federal Circuit has held that dismissal is warranted where plaintiffs exhibit patterns of requesting stays, missing deadlines, and failing to advance their claims. *See Rocky Mountain Technology Engineering Co., LLC v. Hutchens Industries, Inc.*, 263 F. App'x 895, 896-900 (Fed. Cir. 2008) (affirming dismissal of a patent infringement action for failure to prosecute after plaintiff's counsel withdrew and plaintiff requested multiple deadline extensions, and then "wasted" a stay granted by the court through its inactivity).

Here, the record is replete with instances in which the delays are the responsibility of Calypso, and not simply its counsel. For example, Calypso chose to bring this suit before it had resolved its ownership dispute, which led to its counsel having to withdraw and numerous other delays. Moreover, after the stay for settlement talks expired in December 2010, Calypso's own Board declined to continue settlement negotiations, after which Calypso never again contacted T-Mobile or the Court about moving the case forward.

Moreover, the record also evinces a long history of delay. Calypso has obtained multiple stays, but never used them to resolve the case or even put itself in a position to conduct discovery and litigation the merits. Instead, Calypso spent more than three years failing to reach the merits and has now abandoned the case for the past 13 months while disregarding the expiration of the Courts' last stay order. Based on this record, it is clear that Plaintiffs, and not their counsel, are responsible for the delays. Therefore, this aggravating factor strongly supports dismissal.

### 2. Calypso intentionally delayed and then abandoned any prosecution of this case

Dismissal is also warranted here because these delays and ultimate abandonment of the case have been caused by Calypso's intentional conduct, and not as a result of events beyond its control. This is a second aggravating factor that counsels in favor of dismissal. *See Callip*, 757 F.2d at 1519. Beginning with Calypso's decision to file this suit before it had the right to enforce the patent-in-suit, extending through Calypso's failure to take any discovery or file claim construction briefing, and culminating with its total abandonment of the case, the delays that have affected this case are the result of the Calypso's intentional conduct. *See Hickman v. Fox Television Station Inc.*, 177 F. App'x at 429 (5th Cir. 2006) (holding that "[plaintiff's] behavior was clearly intentional" where plaintiff showed "persistent delinquency throughout the discovery process"). Calypso's intentional conduct demonstrates that the second aggravating factor also supports dismissal.

### 3. T-Mobile has been prejudiced by Calypso's delays and abandonment of this case

Dismissal is also warranted because Calypso's three years of delays and neglect have created persistent uncertainty for T-Mobile and caused evidentiary and economic prejudice. This prejudice represents an additional aggravating factor that weighs in favor of dismissal. *See Callip*, 757 F.2d at 1519.

This action has been pending for more than three years and yet has not even progressed to fact depositions or claim construction, much less adjudication of T-Mobile's meritorious counterclaims and defenses. Courts recognize that such "delays are inherently prejudicial to a defendant, who has a legitimate interest in bringing the matter to closure within a reasonable time," *Rocky Mountain*, 263 F. App'x at 898 (internal quotations omitted), and that substantial prejudice arises from being kept "in perpetual anticipation of the date that this case may proceed forward." *See Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).

T-Mobile has also suffered evidentiary prejudice as a result of Calypso's neglect. For example, at least five engineers and other personnel knowledgeable about the design,

development, and sales of the technology have departed T-Mobile since Calypso brought this action.[17] As the Fifth Circuit has observed, "[d]elay alone can infuse an adverse element into the proper flow of litigation: evidence deteriorates or disappears, memories fade, and witnesses die or move away." *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d at 477 (5th Cir. 1981).

In addition, the delays have caused economic prejudice, requiring T-Mobile to invest substantial resources and time in resolving issues that are far removed from the substantive merits of this case.[18] These substantial expenditures, which may now be wasted, constitute real prejudice. *See Hickman*, 177 F. App'x at 429 (holding that plaintiff's conduct "prejudiced [defendant] by forcing it to spend unnecessary legal fees" on discovery that were "rendered fruitless by [plaintiff's] intentional delay").

## IV.   CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court dismiss this action with prejudice for failure to prosecute.

Dated:  February 17, 2012

Respectfully submitted,

/s/ *Josh A. Krevitt*
Josh A. Krevitt, Lead Attorney
Benjamin Hershkowitz
Anne Champion
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
achampion@gibsondunn.com

---

[17] Champion Decl. ¶ 5. These five individuals were members of the product development, engineering, network operations, and sales teams for the accused products. In addition, while still at T-Mobile, these individuals previously had been identified by T-Mobile in the Declaration of Omar Hassan in Support of T-Mobile's Motion to Transfer Venue (D.I. 18) as having relevant knowledge about the accused products.

[18] *See, e.g.*, T-Mobile's Opposed Motion to Strike Plaintiffs' Answer to T-Mobile's Counterclaims (D.I. 58); T-Mobile's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Prosecute (D.I. 109).

        Jennifer Parker Ainsworth, Tex. Bar No. 00784720
        WILSON, ROBERTSON, & CORNELIUS, P.C.
        909 ESE Loop 323, Suite 400
        Tyler, Texas 75701
        Telephone: (903) 509-5000
        Facsimile: (903) 509-5092
        jainsworth@wilsonlawfirm.com
        *Attorneys for Defendant T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on February 17, 2012.

                                          */s/ Josh A. Krevitt*
                                             Josh A. Krevitt