UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CALYPSO WIRELESS, INC., DRAGO DAIC, & JIMMY WILLIAMSON, P.C., <br><br> Plaintiffs-Counterclaim Defendants, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant-Counterclaim Plaintiff. | Case No. 2:08-CV-441-JRG-RSP <br><br> Jury Trial Demanded |

## NOTICE OF COURT ORDER REGARDING DISSOLUTION OF PLAINTIFF CALYPSO WIRELESS, INC.

In preparation for the parties' upcoming Status Conference on April 11, 2012, Defendant T-Mobile USA, Inc. ("T-Mobile") files this notice regarding the recent opinion and order of the Delaware Chancery Court appointing a receiver for Plaintiff Calypso Wireless, Inc. ("Calypso") and ordering the receiver to dissolve Calypso and sell its assets, including the patent-in-suit.

In Calypso's Opposition to T-Mobile's Second Motion to Dismiss for Failure to Prosecute, Calypso stated that, on February 8, 2012, the Delaware Chancery Court placed Calypso, a Delaware corporation, into receivership. *See* Calypso Opposition (D.I. 180) at 3-4. Further to Calypso's disclosure of the appointment of a receiver, attached please find the Chancery Court's Memorandum Opinion and Order Appointing Receiver that will govern the receiver, resulting in issues that would be proper to address at the Status Conference in this case.

It is important to note that the Chancery Court specifically ordered the receiver to dissolve Calypso and wind up its affairs. *See* Memorandum Opinion at 1 ("In light of Calypso's protracted failure to comply with an order of this Court, its glaring violations of the federal securities laws, and the absence of any credible plan to bring the Company into compliance, I appoint a receiver to dissolve the corporation and wind up its affairs."). Further, the Chancery Court ordered the receiver to sell all of Calypso's assets, including the patent Calypso is

asserting against T-Mobile in the present litigation. *See id.* at 15 ("The receiver will marshal and sell the Company's assets, including the Patent, discharge Calypso's debts, and distribute any remaining amounts to its stockholders.").

Because the appointment of a receiver to dissolve Calypso and sell its remaining assets, including the patent-in-suit, may have a significant impact on the present litigation, we bring these developments to the Court's attention in advance of the upcoming Status Conference.

Respectfully submitted,

Dated:  April 4, 2012            By  */s/ Josh A. Krevitt*

Josh A. Krevitt, Lead Attorney
Benjamin Hershkowitz
Anne Champion
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
achampion@gibsondunn.com

Jennifer Parker Ainsworth,
Tex. Bar No. 00784720
WILSON, ROBERTSON, & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile:  (903) 509-5092
jainsworth@wilsonlawfirm.com

*Attorneys for Defendant T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on April 4, 2012.

                                                     */s/  Josh A. Krevitt*
                                                      Josh A. Krevitt