# Exhibit A



Mark J. Gentile
302-651-7722
Gentile@rlf.com

April 9, 2012

Mr. Paul Storm
Storm PLLC
4105 S. Bowen Road
Arlington, TX 76016

RE: T-Mobile USA, Inc. Motion to Dismiss

Dear Paul,

As you are aware, I have been appointed by the Delaware Court of Chancery (the "Delaware Court") as Receiver for Calypso Wireless, Inc. ("Calypso") pursuant to the Order Appointing Receiver, C.A. No. 7140-VCL (Del. Ch. Feb. 8, 2012), as amended by the Order, C.A. No. 7140-VCL (Del. Ch. Mar. 7, 2012) (collectively, the "Order") in the action styled Williams v. Calypso Wireless, Inc., C.A. No. 7140-VCL, currently pending before the Delaware Court (the "Delaware Action").

Since I have been appointed as Receiver, I have become familiar with the claims of Calypso in the action styled Calypso Wireless, Inc., Drago Daic and Jimmy Williamson, P.C. v. T-Mobile USA, Inc., C.A. No. 2:08-CV-00441 (U.S.D.C., E.D. Texas (Marshall Division)) (the "Patent Action"). I understand that T-Mobile, USA, Inc. ("T-Mobile") has filed a Second Motion to Dismiss with Prejudice in the Patent Action for failure to prosecute (the "Motion"), and on behalf of Calypso, I want to express my strong opposition to the Motion. I have also reviewed the Notice of Court Order filed by T-Mobile with the Court on April 4, 2012.

Calypso and its stockholders have been subject to significant uncertainty over the past 24 months, culminating in my appointment as Receiver on February 8, 2012. Contrary to T-Mobile's assertion in its most recent submission to the Court, Calypso has not been placed "into receivership." Rather, I have been appointed as Receiver of Calypso with the charge of maximizing Calypso's value to creditors and stockholders. Ultimately, maximizing Calypso's value will involve dissolving the corporate entity, winding up Calypso's affairs and distributing any residual assets to Calypso's creditors and stockholders over at least the next three (3) years.

In this regard, it is important to note that dissolution under Delaware law is not equivalent to the automatic termination of a corporation's legal existence. Although a corporation is considered to be "dissolved" once a certificate of dissolution has been filed with the Delaware Secretary of State, a Delaware corporation's legal existence is *automatically* extended by statute for at least three (3) years for the purpose of winding up the corporation's affairs in an orderly manner. Moreover, Delaware's dissolution statute specifically provides that if a dissolved corporation remains a party to pending litigation at the end of the three year wind

■ ■ ■

up period, the corporation's legal existence will be automatically extended until that litigation has been resolved. See 8 DEL. C. § 278 (a copy of which is attached hereto as Exhibit A).

      I note that Calypso has not yet filed a certificate of dissolution and, therefore, has not yet been dissolved under Delaware law. Significantly, even if Calypso were to file a certificate of dissolution today, Calypso's legal existence would be automatically continued by statute until at least 2015 and, in any event, until the dispute in the Patent Action has been fully resolved. Accordingly, dissolution of Calypso will not impede Calypso's ability to prosecute the Patent Action and, in my view, should not have an impact on the Court's decision in the pending Motion. Similarly, my appointment as Receiver should not be viewed as an impediment to the prosecution of the Patent Action. After reviewing the Delaware Court's findings in the Delaware Action and conducting such additional investigations as I deemed necessary under the circumstances, I believe that pursuing the Patent Action will maximize the value of Calypso for the benefit of Calypso's constituencies. I view the Patent Action as a significant asset of Calypso and believe that the Patent Action should be vigorously pursued.

      I am available to the Court to participate in the status conference or otherwise make submissions to the Court at the Court's convenience.

Very truly yours,

/s/ Mark J. Gentile

Mark J. Gentile
Court Appointed Receiver
Calypso Wireless, Inc.

cc:   Guy Matthews
      Timothy Johnson

## Exhibit A

### § 278. Continuation of corporation after dissolution for purposes of suit and winding up affairs.

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any action, suit or proceeding begun by or against the corporation either prior to or within 3 years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the 3-year period and until any judgments, orders or decrees therein shall be fully executed, without the necessity for any special direction to that effect by the Court of Chancery.

Sections 279 through 282 of this title shall apply to any corporation that has expired by its own limitation, and when so applied, all references in those sections to a dissolved corporation or dissolution shall include a corporation that has expired by its own limitation and to such expiration, respectively.