**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CALYPSO WIRELESS, INC., <br> DRAGO DAIC, and <br> JIMMY WILLIAMSON, PC, <br><br> *Plaintiffs*, <br><br> v. <br><br> T-MOBILE USA, INC. <br><br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> **Case No. 2:08-CV-00441** <br><br> **Jury Demanded** |

**DRAGO DAIC'S SECOND AMENDED COMPLAINT AND JIMMY WILLIAMSON P.C.'S
AMENDED CROSS-CLAIM AGAINST T-MOBILE USA, INC.**

COMES NOW, DRAGO DAIC ("DAIC") and JIMMY WILLIAMSON, P.C., ("WILLIAMSON") complaining of T-MOBILE USA, INC. ("T-MOBILE") and for cause of action would respectfully show the following:

**I. PARTIES**

1. Plaintiff CALYPSO WIRELESS, INC. ("CALYPSO") is a Delaware corporation with its principal place of business in Montgomery County, Texas.

2. Plaintiff DAIC is an individual residing in Harris County, Texas.

3. Plaintiff WILLIAMSON is a professional corporation with its principal place of business at 4310 Yoakum Blvd., Houston, Texas 77006.

4. Defendant T-MOBILE is a Washington Corporation and may be served with citation by serving its registered agent for service of process Corporation Service Company, 710 Brazos Street, Suite 1050, Austin, Texas 78701-3232. T-MOBILE has already appeared as a defendant in this matter, and may

therefore be served by any of the methods of service set forth in Fed. R. Civ. P. 5(b)(2).

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over DAIC and WILLIAMSON's patent infringement claims pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. § 1338.

6. This Court has personal jurisdiction over T-MOBILE as T-MOBILE has answered and entered an appearance. Further, this Court has personal jurisdiction over T-MOBILE because T-MOBILE actively markets and conducts business in the Eastern District of Texas, such that T-MOBILE's appearance in this case does not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because certain acts complained herein occurred in this judicial district. T-MOBILE has already admitted that venue is proper in this judicial district. Further, T-MOBILE actively sells its infringing products and services within this judicial district and the surrounding districts and throughout the State of Texas.

## III. GENERAL ALLEGATIONS

8. On January 20, 2004, U.S. Patent No. 6,680,923 B1, entitled "Communication System and Method" ("the '923 Patent"), was duly and legally issued to inventor Robert Leon.

9. DAIC and WILLIAMSON are shareholders and creditors of CALYPSO. DAIC and WILLIAMSON are owners of certain ownership rights in the '923 Patent.

10. The '923 Patent relates to seamless fixed mobile convergence, which allows a seamless "hand off" between cellular networks and wireless local area networks.

11. T-MOBILE has infringed and continues to infringe the '923 Patent. The infringing acts include, but are not limited to, the manufacture, use, offering for sale, sale, or importation of software/firmware, hardware and services embodying the inventions of the '923 Patent. T-MOBILE is liable for infringement of the '923 Patent pursuant to 35 U.S.C. §271.

## IV. CLAIM FOR PATENT INFRINGEMENT

12. DAIC and WILLIAMSON repeat and re-allege the allegations of paragraphs 1-11 above as if fully set forth herein.

13. The '923 Patent is valid and presumed valid under 35 U.S.C. § 282.

14. T-MOBILE has been and is infringing, literally or under the doctrine of equivalents, one or more claims of the '923 Patent, directly or indirectly pursuant to 35 U.S.C. § 271(a), (b), (c) or (f) by making, using, selling, or offering for sale products and services that come within or are operated within the scope of one or more claims of the '923 Patent. In particular, the accused product and service is the "T-Mobile @Home Hotspot" and WiFi Calling service.

15. Upon information and belief, T-MOBILE's acts have been willful and with full knowledge of the '923 Patent and plaintiffs are accordingly entitled to enhanced damages pursuant 35 U.S.C. § 284.

16. Plaintiffs have been damaged by T-MOBILE's infringement and, unless T-MOBILE obtains a license for the '923 Patent, or is enjoined by the Court, T-MOBILE will continue its infringing activity and plaintiffs will continue to be damaged.

## V. JURY DEMAND

17. Pursuant to Fed. R. Civ. P. 38(b), DAIC and WILLIAMSON demand a trial by jury of all issues that are so triable.

## VI. PRAYER

18. DAIC and WILLIAMSON respectfully request the following relief:

   a. A preliminary and permanent injunction against T-MOBILE, its officers, agents, servants, employees, attorneys, all parent and subsidiary companies, all assignees and successors in interest and those persons in active concert and participation with T-MOBILE and enjoining from continuing acts of infringement of the '923 Patent;

   b. All actual damages;

   c. Enhanced actual damages pursuant to 35 U.S.C. § 284;

   d. Attorneys' fees pursuant to § 285;

   e. All costs of court; and

   f. Any other relief that the Court deems just and proper.

Dated: June 7, 2012                               Respectfully submitted,


*/s Matthew C. Juren s/*
Guy E. Matthews (lead counsel)
State Bar No. 13207000
Matthew C. Juren
State Bar No. 24065530
Matthews Lawson, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (Telephone)
(713) 355-9689 (Facsimile)
Email: gmatthews@matthewsfirm.com
          mjuren@matthewsfirm.com

**ATTORNEYS FOR DRAGO DAIC AND JIMMY WILLIAMSON, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 7th day of June, 2012. Any other counsel of record will be served by first class mail on this same date.

*/s Matthew C. Juren s/*
Matthew C. Juren