**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CALYPSO WIRELESS, INC., | § | |
| DRAGO DAIC, and | § | |
| JIMMY WILLIAMSON, P.C. | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Case No. 2:08-CV-00441-JRG-RSP** |
| v. | § | |
| | § | **Jury Demanded** |
| T-MOBILE USA, INC. | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFFS DAIC AND JIMMY WILLIAMSON P.C.'S MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM AND AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] Plaintiffs, Drago Daic and Jimmy Williamson P.C. (collectively, "Movants"), move this Court to dismiss Defendant T-Mobile USA, Inc.'s ("T-Mobile") counterclaim , as failing to state a claim upon which relief may be granted. Additionally and/or alternatively, Movants request that the Court order T-Mobile to provide a more definite statement regarding Defendant's counterclaim and/or strike its affirmative defense of inequitable conduct under Rule 12(e) or 12(f) for failure to plead sufficient factual allegations pursuant to the requirements of Federal Rule of Civil Procedure 9(b).

## I. Inequitable Conduct and Federal Rule of Civil Procedure 9

"To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO."  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed.Cir.2010); *See also  i4i Ltd. Partnership v. Microsoft Corp.*, 670 F.Supp.2d 568, 605-06 (E.D.Tex. 2009)(Davis, J.)(citing *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988)). "[A]n actual 'intent to deceive' is required, 'mistake or negligence, even gross negligence, does not support a ruling of inequitable conduct." *Id.* (citing *Abbott Labs. V. Sandoz, Inc.*, 544 F.3d 1341, 1353 (Fed. Cir. 2008)). If the allegation includes a "failure to disclose", then an allegation of "but-for materiality" is required, meaning that "the PTO would not have allowed a claim had it been aware of the undisclosed reference." *Therasense*, 649 F.3d at 1291.  Claims of inequitable conduct that are based on mere non-disclosure of prior art references do not constitute affirmative egregious misconduct and require proof of but-for materiality. *Thereasense*, 649 F.3d at 1292-93. A party asserting inequitable conduct must prove by clear and convincing evidence

---

[1] Unless otherwise expressly stated, all citations in the form of "Rule ____" in this motion are to the indicated provisions of the Federal Rules of Civil Procedure.

that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it. *Id.* at 1290.

Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires that any party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Federal Circuit has articulated the requirements of Rule 9(b) as applied to the counterclaims and affirmative defenses of inequitable conduct. *Exergen Corp. v. Wal-mart Stores*, 575 F.3d 1312 (Fed.Cir. 2009). In *Exergen*, the Federal Circuit held that "pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327. The "who" of the material omissions and misrepresentations concerns those individuals with a duty of candor and good faith in dealing with the PTO. *Id.* at 1329. The "what" and "where" of the material omissions relate to "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found". *Id.* The pleading also needs to state the "particular claim limitations or combination of limitations that are supposedly absent from the information of record. Such allegations are necessary to explain both the "why" the withheld information is material and not cumulative, and "how" an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-30.

## II. T-Mobile Fails to State a Claim for Inequitable Conduct upon Which Relief Can Be Granted under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") allows for the dismissal of claims that fail to state a claim upon which relief can be granted.

**T-Mobile's Third Affirmative Defense and Counterclaim Lack Specificity under *Exergen***

On June 7, 2012, Plaintiff-Movants filed their Second Amended Complaint and Amended Cross-Claim against T-Mobile. (Doc. 194). Defendant responded with its Answer and Counterclaim on June 21, 2012. (Doc. 195), attached as Exhibit A. Specifically, Defendant alleges in its Third Affirmative Defense that Movant's "allegation of infringement of the '923 patent is barred because the [6,680,923] patent [("Patent-in-Suit")] is unenforceable due to inequitable conduct in its procurement, including, but not limited to, failure to disclose to the [PTO] material prior art and information of which [Calypso], the patent agent or attorneys, named inventor and/or other individuals substantively involved in the preparation and prosecution of Calypso's patent application including at least Peter Matos, Esq. […], were aware." (Ex. A, Doc. 195, p. 5, ¶ 22). T-Mobile later repeats these same allegations in its Third Counterclaim of "Unenforceability" by reference to paragraphs 22-49 alleging T-Mobile's Third Affirmative Defense, without providing any additional details or factual allegations. (Ex. A, Doc. 195, p. 18, ¶15). T-Mobile fails to describe the particular claim limitations or combinations of limitations that are allegedly absent from the information already of record in the U.S. prosecution history; such allegations are necessary to explain the "why" and "how" of inequitable conduct claims, as discussed in *Exergen*.

T-Mobile's Third Affirmative Defense, Ex. A, paragraphs 22-49, while lengthy, fails to fully explain or allege facts sufficient to satisfy the specificity required by Rule 9(b), and should, therefore, be stricken pursuant to Rule 12(f). T-Mobile's allegations begin at paragraph 22 and broadly allege that inequitable conduct occurred with a general allegation of intent. Paragraphs 23-28 provide additional background information regarding the prosecuting attorney, the filing dates, and the identification of the Patent Cooperation Treaty ("PCT") counterpart application;

these paragraphs could generally be construed to contain the "who" element, as discussed in *Exergen*. T-Mobile then begins its discussion of the PCT International Search Report ("ISR") in paragraphs 29-45, throughout these paragraphs T-Mobile merely repeats information in the ISR identifying and describing the patent references found by the PCT examiner, the various categories of references identified on the ISR form, and the PCT examiner's recitation of citations within the cited patent references.

T-Mobile wholly fails to state "why" the PCT patent references are material and not cumulative or "how" the U.S. examiner would have used the material and non-cumulative information in assessing the patentability of the U.S. application. T-Mobile additionally alleges, at paragraphs 46-49, that the PCT International Preliminary Examination Report ("IPER") was not disclosed to the U.S. examiner, but again fails to provide sufficient allegations regarding the "why" and "how" requirements of Rule 9(b). T-Mobile's allegations regarding the PCT IPER do not explain why the "Baker" and "Marberg" references are material, i.e. which particular elements disclosed are missing in the information of record, and how the U.S. examiner would have used this information in determining the patentability of the U.S. application. T-Mobile's failure to explain through its pleadings the particular reasons the ISR and IPER patent references are material to the patentability of the Patent-in-Suit means that there can be no basis for inferring any intent to hide it. T-Mobile essentially alleges that "all of it" is material without providing any specificity of the applicability of the ISR and IPER references to any of the limitations of the claims of the Patent-in-Suit.

Defendant's pleadings of inequitable conduct fail to satisfy the requirements of Rule 9(b) and governing authority such as *Therasense* and *Exergen* and should be dismissed under Rule 12(b)(6) as failing to state a claim upon which relief may be granted.

**ISR and IPER Patent References in T-Mobile's Invalidity Contentions**

T-Mobile's invalidity contentions, or lack thereof, further illustrate the non-material nature of the PCT cited references in the ISR and IPER as they may apply to the U.S. prosecution of the Patent-in-Suit. T-Mobile's Invalidity Contentions, (attached as Exhibit B), fail to use any of the references cited in the ISR or IPER as grounds for invalidity under 35 U.S.C. §§ 102 or 103. T-Mobile provides a brief explanation of each ISR cited reference on pages 15-18 of their and generally alleges that these references were not disclosed to the U.S examiner during the prosecution of the U.S. application. T-Mobile through its invalidity contentions fails to present any argument or comparison how each ISR or IPER reference, or a combination of any of them, teaches or discloses each element of the Patent-in-Suit. (Ex. B, p. 15-18). T-Mobile's production with the invalidity contention disclosure also included eighteen claim charts, none of which discuss any of the ISR or IPER references as they may apply to invalidity. T-Mobile has failed to demonstrate through its invalidity contentions, as well as through its pleadings, any claim limitation in the alleged undisclosed patent references cited in the ISR or IPER that was not also in, and therefore redundant of, the prior art made of record before the U.S. examiner. As such, T-Mobile has failed to state a claim upon which relief may be granted as required by Rule 9(b).

**T-Mobile Fails to Plead Sufficient Facts of Intent to Deceive the PTO**

Just as Defendant failed to allege sufficient factual details as to the "why" and "how" of materiality, Defendant fails to allege sufficient facts suggesting an intent to deceive the PTO. T-Mobile only alleges that the ISR and IPER patent references were deemed 'pertinent' by the PCT examiner and not disclosed in the U.S. application of the Patent-in-Suit. This type of allegation is insufficient and cannot form the basis for an inequitable conduct claim without more specificity.

*Exergen*, 575 F.3d at 1331 ("The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is *insufficient* to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct."); *See also Therasense,* 649 F.3d at 1291 ("in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference.") This type of allegation is even more relevant in the present case than in *Exergen*, as, here, the supposed prior art patent references were cited by a foreign patent examiner, not the applicant itself. T-Mobile's failure to allege the required "but-for materiality" and particular limitations supposedly disclosed in the ISR or IPER references that would lend weight to materiality also goes to the lack of intent to deceive by the patentee and/or patentee's representatives.

For the above stated reasons, Defendant T-Mobile has failed to comply with the strict requirements of pleading under Rule 9(b) as it applies to allegations of inequitable conduct. As such, Movants respectfully request that the Court dismiss T-Mobile's Counterclaim for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### III. Alternatively, T-Mobile Should be Ordered to Provide a More Definite Statement

In the alternative and for the same reasons as discussed above, Movants respectfully request that this Court order Defendant T-Mobile to provide a more definite statement regarding its counterclaim of inequitable conduct under Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"). Specifically, Movants request that T-Mobile be ordered to provide more specific factual allegations regarding the "why" and "how" of materiality and "intent to deceive" elements of its Counterclaim for inequitable in compliance with the requirements of Rule 9(b) and the teachings of *Exergen*.

**IV. Conclusion.**

For these reasons, Movants request an Order from the Court dismissing T-Mobile's Counterclaim pursuant to Rule 12(b)(6), requiring T-Mobile to provide a more definite statement of its counterclaim pursuant to Rule 12(e), and/or striking T-Mobile's affirmative defense of inequitable conduct pursuant to Rule 12(f).

Respectfully submitted,

*/s Matthew C. Juren s/*
Guy E. Matthews (lead counsel)
State Bar No. 13207000
C. Vernon Lawson
State Bar No. 12058150
Matthew C. Juren
State Bar No. 24065530
Matthews Lawson, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (Telephone)
(713) 355-9689 (Facsimile)
Email: gmatthews@matthewsfirm.com
vlawson@matthewsfirm.com
mjuren@matthewsfirm.com

**ATTORNEYS FOR PLAINTIFFS DRAGO DAIC and JIMMY WILLIAMSON P.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 16th day of July 2012. Any other counsel of record will be served by first class mail on this same date.

*/s Matthew C. Juren s/*
Matthew C. Juren