**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| CALYPSO WIRELESS, INC., DRAGO DAIC, and JIMMY WILLIAMSON, P.C., | |
| Plaintiff, | CIVIL ACTION NO. 2:08-CV-441-JRG-RSP |
| v. | JURY DEMANDED |
| T-MOBILE USA, INC., | |
| Defendant. | |

**DEFENDANT T-MOBILE USA INC.'S SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM AND
AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT AND
IN SUPPORT OF T-MOBILE'S CROSS-MOTION FOR LEAVE
TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT .................................................................................................... 1

    A.    T-Mobile Sufficiently Pleaded the "Who" of Inequitable Conduct ...................... 1

        1.    The Court Should Not Consider Plaintiffs' New "Who" Argument ......... 1

        2.    T-Mobile Sufficiently Identified "Who" Committed Inequitable Conduct 2

    B.    T-Mobile Sufficiently Pleaded the "How" and "Why" of Inequitable Conduct ... 3

    C.    T-Mobile's Answer Meets the *Exergen* Standard for Pleading Intent to Deceive  5

    D.    Plaintiffs' Reply Does Not Dispute That the Proposed Amended Answer is Sufficient ............................................................................................................ 5

III. CONCLUSION ................................................................................................. 5

i

# TABLE OF AUTHORITIES

<u>**PAGE(S)**</u>

**Cases**

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ................................................................ 1, 2, 3, 5

*Feuerbacher v. Moser*,
  No. 4:11-CV-272, 2012 WL 1070138 (E.D. Tex. Mar. 29, 2012)............................ 2

*Kinetic Concepts, Inc. v. Convatec Inc.*,
  No. 1:08-CV-00918, 2010 WL 1427592 (M.D.N.C. Apr. 8, 2010)........................... 4

*Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*,
  No. 6:08-CV-286-JD, 2009 WL 5061812 (E.D. Tex. Dec. 14, 2009) ..................... 2, 3

*Nearstar, Inc. v. Waggoner*,
  No. 4:09-CV-218, 2011 WL 817374 (E.D. Tex. Mar. 2, 2011)................................ 2

*Pollin Patent Licensing, LLC v. Capital One Auto Fin., Inc.*,
  2011 WL 5118891 (N.D. Ill. Oct. 25, 2011) ...................................................... 4, 5

*Semiconductor Energy Lab. Co., Ltd. v. Samsung Elecs. Co., Ltd.*,
  749 F. Supp. 2d 892 (W.D. Wis. 2010)............................................................... 5

*SynQor v. Artesyn Technologies, Inc.*,
  No. 2:07-CV-497-TJW-CE, 2010 WL 3860131 (E.D. Tex. Sept. 10, 2010)...................... 3, 5

*United States v. Brown*,
  305 F.3d 304 (5th Cir. 2002) ............................................................................ 2

*Versata Software, Inc. v. Internet Brands, Inc.*,
  No. 8-CV-313-WCB, 2012 WL 226640 (E.D. Tex. Jan. 17, 2012).................................... 4, 5

*VG Innovations, Inc. v. Minsurg Corp.*,
  No. 8:10-CV-1726-T-33MAP, 2011 WL 1466181 (M.D. Fla. Apr. 18, 2011)..................... 4, 5

*Weatherford Int'l, Inc. v. Halliburton Energy Services, Inc.*,
  No. 2:09-CV-261-CE, 2011 WL 902243 (E.D. Tex. Mar. 14, 2011) ........................ 3

# I.  INTRODUCTION

Taking great care to plead inequitable conduct with particularity, T-Mobile USA, Inc. ("T-Mobile") laid out the specific facts of inequitable conduct over nearly ten full pages in its Answer.  When Plaintiffs Drago Daic and Jimmy Williamson P.C. (collectively, "Plaintiffs") objected to this pleading and filed this motion, T-Mobile submitted a proposed amended answer to satisfy Plaintiffs' concerns, but Plaintiffs declined to address its sufficiency.  Instead, Plaintiffs dedicate nearly a third of their Reply ("D.I. 211") to raise an entirely new ground for dismissal.[1] T-Mobile's pleading is more than sufficient, as it describes in minute detail the affected claims, the withheld anticipating references, the individuals involved, and how those individuals knew the withheld references were material.  The Court should thus deny Plaintiffs' motion to dismiss and grant T-Mobile leave to file its proposed amended answer.

# II.  ARGUMENT

## A.    T-Mobile Sufficiently Pleaded the "Who" of Inequitable Conduct

### 1.    The Court Should Not Consider Plaintiffs' New "Who" Argument

Plaintiffs argue for the first time in their Reply that T-Mobile failed to state the "who" of inequitable conduct.  D.I. 211 at 2-3.  This argument directly contradicts statements made in Plaintiffs' Opening Brief, in which Plaintiffs admitted that "[paragraphs 23-28 of T-Mobile's pleading] could generally be construed to contain the 'who' element, as discussed in *Exergen*."

---

[1]  Plaintiffs Daic and Williamson call T-Mobile's continued objection to their standing to pursue this action "a distraction from the merits."  D.I. 211 at 1.  Subject matter jurisdiction is a fundamental requirement and must be present from the beginning of an action to the end, yet the ownership of the '923 patent has fluctuated numerous times during the pendency of this action. Indeed, Daic and Williamson effectively concede that they did not have ownership interest in the patent-in-suit when they filed this motion by executing yet another patent assignment agreement just three days before submitting their reply.  *See* Champion Decl., Exh. 6.  That agreement purports to assign Daic and Williamson a "one-tenth of one percent (0.1%) interest" in the patent-in-suit.  *Id.* at 1.  This agreement purports to be "effective as of December 6, 2011," but was executed on August 10, 2012.

D.I. 197 at 5.  The Fifth Circuit and courts in this District do not consider arguments raised for the first time in a reply brief, and thus the Court should disregard Plaintiffs' new "who" assertion.  *See, e.g.*, *United States v. Brown*, 305 F.3d 304, 307 n.4 (5th Cir. 2002); *Nearstar, Inc. v. Waggoner*, No. 4:09-CV-218, 2011 WL 817374, at *4 (E.D. Tex. Mar. 2, 2011) (holding that the court "does not condone new grounds being raised in a reply brief."); *Feuerbacher v. Moser*, No. 4:11-CV-272, 2012 WL 1070138, at *15 (E.D. Tex. Mar. 29, 2012) (refusing to consider an argument raised for the first time in a reply brief).

### 2.     T-Mobile Sufficiently Identified "Who" Committed Inequitable Conduct

Even if the Court considers Plaintiffs' "who" contention, T-Mobile sufficiently pleaded "the 'who' of the material omissions and misrepresentation."  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1329 (Fed. Cir. 2009).  Plaintiffs now argue that referring to specific individuals as "Applicants" in two paragraphs, despite referring to those individuals by name throughout the rest of the pleading, does not sufficiently plead the "who" of inequitable conduct. D.I. 211 at 2.  Courts in this District, however, have previously examined this exact issue and held otherwise.  *See, e.g.*, *Konami Digital Entm't Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-CV-286-JD, 2009 WL 5061812, at *2 (E.D. Tex. Dec. 14, 2009).  In *Konami*, the pleading named specific prosecuting attorneys and inventors, and then referred to them throughout as "the '923 applicants," which the court held was sufficient to meet the "who" requirement.  *Id*. Plaintiffs' have identified no cases from this District that have held otherwise.

As in *Konami*, T-Mobile names the prosecuting attorney, Peter Matos, the named inventor,[2] and Calypso Wireless.  D.I. 195 ¶ 22.  The pleading identifies Peter Matos in particular when it establishes knowledge of the omitted references and their materiality.  *Id*. ¶ 29.  Under

---

[2]  Although the pleading refers to the only named inventor, Robert Leon, as the "named inventor," this term is unambiguous because he is the only named inventor on the '923 patent.

*Exergen*, this is sufficient to establish "who" committed the material omissions and misrepresentation. *See Weatherford Int'l, Inc. v. Halliburton Energy Services, Inc.*, No. 2:09-CV-261-CE, 2011 WL 902243, at *5 (E.D. Tex. Mar. 14, 2011) (identifying one individual "who knew of the falsity of an alleged material misrepresentation made to the PTO" was sufficient); *SynQor v. Artesyn Technologies, Inc.*, No. 2:07-CV-497-TJW-CE, 2010 WL 3860131, at *7 (E.D. Tex. Sept. 10, 2010); *Konami*, 2009 WL 5061812, at *2.

Not only do Plaintiffs fail to cite a single case from this District in support of their theory, but the cases they cite from other districts do not support their argument. D.I. 211 at 2. By Plaintiffs' own admission, the pleading in the Florida case only "identified a generic list of actors," and the pleading in the Delaware case "failed to allege that ***any*** specific individual withheld information with an intent to deceive the PTO." *Id.* (emphasis added). In this case, as in the three cases from this District cited above, the pleading names two specific individuals— Peter Matos, the attorney prosecuting the patent, and Robert Leon, the named inventor of the patent. *See, e.g.*, D.I. 195 ¶¶ 22, 29. While the pleading includes individuals in addition to Matos and Leon, it clearly identifies the specific individuals who made the material omission before the PTO, which is all that *Exergen* requires. *Exergen*, 575 F.3d at 1328-29.

**B.    T-Mobile Sufficiently Pleaded the "How" and "Why" of Inequitable Conduct**

As in their Opening Brief, Plaintiffs incorrectly argue that T-Mobile did not plead the "how" and "why" of inequitable conduct because the pleading does not explain why each reference is not cumulative of the information of record during prosecution. D.I. 211 at 3-4. As noted in its opposition, T-Mobile has pleaded that the withheld references are not cumulative with the level of specificity required by the Federal Circuit. Judge Bryson of the Federal Circuit—sitting by designation in this District—held that "[i]t would go beyond even the enhanced pleading requirements of *Exergen* to require a party to demonstrate, by analyzing each

3

of the references before the examiner, that an allegedly anticipating reference was not cumulative." *Versata Software, Inc. v. Internet Brands, Inc.*, No. 8-CV-313-WCB, 2012 WL 226640, at *3 (E.D. Tex. Jan. 17, 2012). Moreover, numerous courts have declined to dismiss inequitable conduct even when the pleading did not identify particular non-cumulative claim limitations. *See, e.g.*, *Pollin Patent Licensing, LLC v. Capital One Auto Fin., Inc.*, 2011 WL 5118891, at *3 (N.D. Ill. Oct. 25, 2011) (accepting a pleading that identified the material content and relates it to the claims, but not claim limitations); *VG Innovations, Inc. v. Minsurg Corp.*, No. 8:10-CV-1726-T-33MAP, 2011 WL 1466181, at *3 (M.D. Fla. Apr. 18, 2011) (accepting a pleading that did not name every reference); *Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-CV-00918, 2010 WL 1427592, at *6 (M.D.N.C. Apr. 8, 2010) (accepting a pleading that identified only the claims). T-Mobile exceeds this standard by pleading that the withheld reference was anticipatory—*i.e.*, that it would have prevented the patent from issuing. Because the '923 patent issued over the art before the examiner, any reference that would have prevented the patent from issuing cannot be cumulative of any of the art before the examiner.

Plaintiffs also neglect the specificity of T-Mobile's pleading. T-Mobile pleaded with particularity that **specific references** were identified in an International Search Report ("ISR") and International Preliminary Examination Report ("IPER"), in connection with a Patent Cooperation Treaty ("PCT") application, as "document[s] of particular relevance" to the claims. D.I. 195 ¶¶ 31-44. T-Mobile further specifies **the particular passages** of the withheld references that are material. And, for each reference, T-Mobile even identifies **each claim** of the '923 patent to which the withheld references are material, and whether those claims are anticipated or rendered obvious by the withheld reference. Given that the pleading discloses all of this detail, it is clear from the face of the pleading exactly how and why the withheld references are material.

4

C.       **T-Mobile's Answer Meets the *Exergen* Standard for Pleading Intent to Deceive**

Other than the conclusory statement that "T-Mobile's pleadings are insufficient," and a restatement of the law that "a defendant must allege more than just the lack of disclosure to the PTO," Plaintiffs do not once address the pleading's specific intent allegations. *See* D.I. 211 at 5. T-Mobile's pleading far exceeds this standard. T-Mobile alleges that the prosecuting attorney for the PTO and PCT applications (Matos) received a list of references that the PCT examiner found to be "of particular relevance." D.I. 195 ¶¶ 29-31. Later, Matos received the IPER, in which, the PCT examiner rejected every claim in light of these references. *Id.* at ¶ 47. As these were the ***same claims*** as those being prosecuted in the PTO application ***at the same time***, T-Mobile pleaded that Applicants (including Matos) knew that the ISR and IPER references were material to the PTO application, and that Applicants withheld them with specific intent to deceive. *Id.* at ¶¶ 45, 49. This pleading easily satisfies the *Exergen* standard. *Exergen*, 575 F.3d at 1327; *see also*, *Versata*, 2012 WL 226640, at *3; *SynQor*, 2010 WL 3860131, at *8; *Pollin*, 2011 WL 5118891, at *3; *VG Innovations*, 2011 WL 1466181, at *4; *Semiconductor Energy Lab. Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 749 F. Supp. 2d 892, 905 (W.D. Wis. 2010).

D.       **Plaintiffs' Reply Does Not Dispute That the Proposed Amended Answer is Sufficient**

Along with its Opposition Brief, T-Mobile filed a proposed amended answer. D.I. 208, Exh. 4. Plaintiffs do not dispute this pleading's sufficiency. Should the Court find merit in any of Plaintiffs' arguments, the Court should grant leave to amend and accept this proposed amended answer.

## III.  CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to dismiss and grant T-Mobile leave to file the proposed amended answer.

Dated: August 23, 2012                    Respectfully submitted,

/s/     *Anne Champion*
Josh A. Krevitt, Lead Attorney
Benjamin Hershkowitz
Anne Champion
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
achampion@gibsondunn.com

*Attorneys for Defendant-Counterclaim Plaintiff*
*T-Mobile USA, Inc.*

Jennifer Parker Ainsworth, Tex. Bar No. 00784720
**WILSON, ROBERTSON, & CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
jainsworth@wilsonlawfirm.com

*Attorneys for Defendant-Counterclaim Plaintiff*
*T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a  copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 23 day of August 2012.

/s/  *Anne Champion*
Josh A. Krevitt, Lead Attorney
Benjamin Hershkowitz
Anne Champion
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
achampion@gibsondunn.com

*Attorneys for Defendant-Counterclaim Plaintiff T-Mobile USA, Inc.*