**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CALYPSO WIRELESS, INC., § <br> DRAGO DAIC, and § <br> JIMMY WILLIAMSON, P.C. § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> T-MOBILE USA, INC. § <br> § <br> *Defendant*. § | Case No. 2:08-CV-00441-JRG-RSP <br><br> **Jury Demanded** |

**PLAINTIFFS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SURREPLY BRIEF ON CLAIM CONSTRUCTION**

Plaintiffs submit this Response in Opposition to Doc. 234, Defendant's Motion for Leave to File a Surreply Brief on Claim Construction, and respectfully show as follows:

### I.     Introduction and Background

On Saturday, September 8, 2012, after 10:00 p.m., Defendant filed "T-Mobile USA, Inc.'s Motion for Leave to File a Surreply in Support of its Claim Construction Brief..." (Doc. 234)(hereinafter "Motion for Leave"). The claim construction hearing was held in this case less than two days later, on Monday, September 10. The Defendant's proposed surreply was filed on September 11 (Doc. 237),[1] and the Court's Provisional Claim Construction Order (Doc. 236) was issued that same day.[2]

Prior to the *Markman* hearing, on July 19, 2012, an Order was entered on the joint motion of all parties (Doc. 198). In pertinent part, that Order provided as follows:

---

[1] Defendant submitted earlier versions of the Motion for Leave and Surreply, on September 7, after 9:00 p.m., which are indicated on the Court's docket as "Filed in Error [] Please Ignore" at docket entries 232 and 233.

[2] The Court is requested to take judicial notice of the matters cited herein as appearing in or confirmed by the Court's record of this case.

> ..to the extent any party submits an expert declaration or testimony in support of its claim construction brief, that party will permit the opposing party or parties to depose such expert following the submission of that declaration or testimony, and before any responsive submission is required....

Plaintiffs' opening brief on claim construction was filed on July 31, 2012 (Doc. 201), and included as one exhibit the expert declaration of Dr. Ahmed Tewfik (Doc. 201-6).

Subsequently, on August 2, 2012, T-Mobile unilaterally served notice of its intention to subpoena Dr. Tewfik to produce documents on one day's notice, and to appear for deposition on August 10, pursuant to the notice and subpoena attached hereto as Exhibit A.[3]

On August 7, plaintiffs' counsel wrote to advise counsel for T-Mobile that Dr. Tewfik had been out of the country and would not be returning to the United States until after August 14. *See* Exhibit B (email dated August 7, 2012). Because of those circumstances, Plaintiffs suggested arranging for Dr. Tewfik's deposition to be taken by video link "or other appropriate means while he is abroad[.]" *Id.* T-Mobile refused, demanding, instead, that Dr. Tewfik return to the United States to be deposed in Austin, Texas, and stating that T-Mobile was "not agreeable to deposing [Plaintiffs'] expert by Skype from overseas." *See* Exhibit C (email from Anne Champion dated August 7, 2012).

Although T-Mobile's Motion for Leave states that Plaintiffs would "only" agree to "make Dr. Tewfik available [remotely] via Skype," (Doc. 234 ¶ 6), that is not the case. Instead, in an email conspicuously omitted from the documents submitted by T-Mobile, plaintiffs advised that Dr. Tewfik would be traveling in Egypt, the U.K. and Romania,

---

[3] *See also* Exhibit L, declaration authenticating other exhibits to this response.

and offered "to travel for the claim construction deposition to wherever Dr. Tewfik may at the time be located abroad," in order to accommodate T-Mobile's insistence on an in-person deposition. *See* Exhibit D (August 9, 2012 email from Vernon Lawson). Of course, plaintiffs also noted their disagreement with T-Mobile's insistence on an in-person deposition on the limited issues addressed by Dr. Tewfik's declaration on claim construction as "particularly inappropriate given the extreme expense and burden, for any of the parties, of having to travel abroad on short notice for a limited deposition of an expert who will likely also be deposed on other issues later in the case." *Id.* Nevertheless, T-Mobile was unwilling to entertain Plaintiffs' proposal for an in-person deposition overseas and remained unwilling to consider deposing Dr. Tewfik by other means prior to the submission date for T-Mobile's responsive brief, even as extended by Plaintiffs' agreement. *Id.*

Subsequently, on August 14, 2012, defense counsel suggested it would postpone Dr. Tewfik's "in person deposition" until after his return to the United States, if T-Mobile was "permitted to file a sur-reply to its claim construction brief in order to address any issues raised by Mr. Tewfik's deposition." Exhibit E (8/14/12 email from Anne Champion). Plaintiffs responded on August 16, stating that the "proposal regarding the surreply *may* be acceptable, *if* T-Mobile would be willing to limit its surreply to addressing new matter arising directly from Dr. Tewfik's deposition, and to agree to file any such surreply by 5:00 p.m. [the Friday before the hearing] so that we may respond to it by Monday, September 10." Exhibit F (8/16/12 email from Vernon Lawson)(emphasis added). These conditions were specified, at least in part, to guard against the possibility that T-Mobile might be seeking to manipulate the circumstance of Dr. Tewfik's travel

abroad in order to maneuver for being able to file a surreply to which Plaintiffs would not be permitted, or reasonably able, to respond.

Plaintiffs' terms for a possible agreement concerning a surreply by T-Mobile were repeated in a subsequent email dated August 17, 2012 (*see* Exhibit G), and again on August 20 (*see* Exhibit H (stating that Plaintiffs' "position regarding a possible surreply by T-Mobile ... is as stated" in the August 17 email)).  The same terms were also repeated in response to proposed "stipulations" prepared by defense counsel on this issue, terms without which Plaintiffs repeatedly expressed that Defendant's proposed stipulations were "inaccurate," "incomplete" and documents to which Plaintiffs could not agree.  *See* Exhibit I (8/29/12 email from Vernon Lawson)(omitted from T-Mobile's motion) and Exhibit J (8/29/12 email from Vernon Lawson)(also omitted by T-Mobile), both referring to terms set out by Plaintiffs in a revision to Defendant's proposed stipulation dated August 24, 2012.[4]  Because T-Mobile would not agree to those terms, no agreement was ever made regarding the filing of T-Mobile's suggested surreply.

---

[4] Exhibit K is a copy of Plaintiffs' redlined revisions to T-Mobile's proposed "stipulation."  As reflected therein, Plaintiffs' changes included:
    a. Revising T-Mobile's incorrect statement in ¶ 5, that Dr. Tewfik had been represented as unavailable for in-person deposition, in order to reflect that this was only true for an in-person deposition "in the United States" while Dr. Tewfik was traveling abroad;
    b. Adding a sentence to ¶ 5 to accurately portray T-Mobile's refusal to depose Dr. Tewfik on claim construction "by telephone or video ... or to travel overseas at its own expense for an in-person deposition...."
    c. Revising ¶ 6 to reflect that Plaintiffs had been attempting to cooperate with T-Mobile in an effort "to accommodate T-Mobile's desire to depose Dr. Tewfik, in person and in Texas, prior to the Claim Construction hearing" and to provide T-Mobile a *fair* opportunity to depose him and respond to the statements in his declaration...." (emphasis added).
    d. Revising ¶ 8 to expressly condition the proposed agreement concerning a surreply on T-Mobile's commitment to "file and deliver to Plaintiff's counsel a sur-reply on Claim Construction to address any new matter arising directly from Dr. Tewfik's deposition, by no later than 5:00 p.m. CDT on Friday, September 7, 2012" as well as T-Mobile's agreement to the filing by Plaintiffs of "a written response by Monday, September 10, 2012." (emphasis added).

### II. Argument

#### A. T-Mobile's untimely motion should be denied as moot.

As noted above, T-Mobile filed its proposed surreply on claim construction after the claim construction hearing in this case and on the same date as the Court's Provisional Order on Claim Construction. T-Mobile knew, since at least August 14, 2012 that it did <u>not</u> have Plaintiffs' agreement to file a surreply because of conditions stated by Plaintiffs with which T-Mobile did not agree. *See, e.g.*, Exhibits E and K. Not only did T-Mobile refuse to agree to those conditions before filing its motion and proposed surreply, it also failed to meet them when actually filing those documents over Plaintiffs' opposition: T-Mobile did not deliver its proposed surreply to Plaintiffs' counsel by 5:00 p.m. the Friday before the claim construction hearing; it did not agree to permit Plaintiffs to respond to the proposed surreply; and T-Mobile did <u>not</u> limit its proposed surreply to new matter arising directly from Dr. Tewfik's deposition.[5]

In any event, because T-Mobile waited until the eve of the Court's hearing and Provisional Order on claim construction to move for leave to file its proposed surreply, the motion is both untimely and irrelevant to the Court's rulings on the claim construction issues briefed and argued by the parties before and during the claim construction hearing held on September 10, 2012. As such, T-Mobile's belated Motion for Leave should be denied as untimely and/or as moot.

---

[5] *See*, as one example of argument T-Mobile could have included in its responsive brief filed on August 21, 2012, the discussion at pp. 5-8 of T-Mobile's proposed surreply (Doc. 237) concerning the teachings of prior art and the meaning of disputed "paging" and "pager" phrases.

### B. T-Mobile's untimely motion is based on false premises.

T-Mobile seeks to support its motion with a representation that Plaintiffs would not agree to make Dr. Tewfik available for in-person deposition prior to the deadline for filing T-Mobile's responsive brief.[6] To support that position, T-Mobile omitted from its motion any discussion of the email it received from Plaintiffs' counsel to advise that Plaintiffs were willing to "travel for the claim construction deposition to wherever Dr. Tewfik may at the time be located abroad," in order to accommodate T-Mobile's alleged need to depose Dr. Tewfik only in person on the limited issues addressed by his declaration on claim construction. If T-Mobile really needed to depose Dr. Tewfik in person before its responsive brief came due, it could easily have done so, either in person at his location overseas or, more reasonably, by telephone or video. Instead, T-Mobile appears to have declined to take the deposition before filing its responsive brief, in order to orchestrate a situation where it would depose Dr. Tewfik after Plaintiffs filed their reply brief, so as to change the order of briefing on claim construction to allow the Defendant the last word without giving the Plaintiffs an opportunity to respond.

Additionally, T-Mobile's Motion for Leave presents argument based on the false premise of Plaintiffs' purported agreement that T-Mobile could "file a surreply to address Dr. Tewfiks' testimony." *See* the Motion for Leave (Doc. 234) at ¶ 10 and at ¶¶ 7 and 11. In reality, as is demonstrated by the several exhibits to this response, no such agreement was ever made, because of T-Mobile's proposals of inaccurate factual

---

[6] T-Mobile's responsive brief was initially due August 14, 2012, but was extended at T-Mobile's request, and with Plaintiffs' agreement, to August 21. *See* the Order at Doc. 210.

statements and refusals to agree to Plaintiffs' conditions. *See e.g.*, Exhibits F-K. T-Mobile's Motion for Leave should be denied.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant, T-Mobile's Motion for Leave (Doc. 234) and grant Plaintiffs such other and further relief as to which they may be justly entitled.

        Respectfully submitted,

        /s C. Vernon Lawson
        Guy E. Matthews (lead counsel)
        State Bar No. 13207000
        C. Vernon Lawson
        State Bar No. 12058150
        Matthew C. Juren
        State Bar No. 24065530
        Matthews Lawson, PLLC
        2000 Bering Drive, Suite 700
        Houston, Texas 77057
        (713) 355-4200 (Telephone)
        (713) 355-9689 (Facsimile)
        Email: gmatthews@matthewsfirm.com
        vlawson@matthewsfirm.com
        mjuren@matthewsfirm.com

        Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 27, 2012. Any other counsel of record will be served by first class mail on this same date.

        /s C. Vernon Lawson