IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CALYPSO WIRELESS, INC., | § | |
| DRAGO DAIC, and | § | |
| JIMMY WILLIAMSON, P.C. | § | |
|       Plaintiffs, | § | Civil Action No. 2:08-cv-441-JRG-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| T-MOBILE USA, INC. | § | |
| | § | |
|       Defendant. | § | |

## JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

COME NOW Plaintiffs Calypso Wireless, Inc., Drago Daic, and Jimmy Williamson, P.C. ("Plaintiffs") and Defendant T-Mobile USA, Inc. ("T-Mobile") and move for entry of the attached Proposed Protective Order (Exhibit 1). The parties disagree on three provisions of the Protective Order, which are noted for the Court and for which the parties provide their positions herein.

In particular, the parties disagree regarding (1) protections to prevent misuse of confidential information in Patent Office proceedings ("prosecution bar"), (2) the scope of when parties may object to opposing experts based upon conflicts of interest, and (3) the definition of "highly confidential" documents or information. These provisions and the parties' respective positions are highlighted in the attached Proposed Protective Order at ¶¶ 2, 9, and 13. The parties' respective positions on these two issues are set forth below.

## I.   DEFENDANT T-MOBILE'S POSITIONS

    A.   Allowing Plaintiffs' Counsel to Prosecute Patents Regarding the Same Technology While Reviewing T-Mobile's Confidential Information Will Give Plaintiffs an Unfair Advantage.

If Plaintiffs' counsel elects to view information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential Source Code," then they should not be permitted to prosecute related or new patents in the same area of technology.  T-Mobile has already provided and will be providing some of their most sensitive information, including information regarding how their accused instrumentalities function and operate, handset and router specifications, schematics and other technical documents.   This information could be used, even unintentionally, to T-Mobile's detriment in the prosecution of patents covering T-Mobile's confidential technology.  In addition, although the documents in question are supposed to be restricted to outside counsel only, there is a risk that confidential information could be shared, inadvertently or otherwise, with Plaintiff Daic, who continues to prosecute patents directly related to the patent-in-suit.

Plaintiffs claim there is no need for a prosecution bar, and that the same counsel should be able to view T-Mobile's highly confidential material and then prosecute patents related to the patent-in-suit or new patents in the same area of technology.

The inclusion of a prosecution bar is commonplace in protective orders in this district, and in fact the Court's own Standard Protective Order includes a prosecution bar.  The Court's Standard Protective Order includes a prosecution bar that:  (1) prevents a plaintiff's counsel from prosecuting, supervising, or assisting in the preparation or prosecution of any patent application in the field of the patents-in-suit; and (2) prevents a plaintiff's counsel from revealing the defendant's confidential information to any reexamination counsel or agent.   (Standard Protective Order ¶ 11.)

T-Mobile's proposal (Proposed Order ¶9) follows this Court's Standard Protective Order and seeks to prevent the use of T-Mobile's confidential information in any new patent

applications, but is even more narrowly tailored than the Standard Order, therefore imposing less limitation on the Plaintiffs. The Court's Protective Order prohibits prosecution of reexaminations or new patents in "the field of the invention of the patents-in-suit." (Standard Protective Order ¶ 11.) T-Mobile's proposal is narrowed specifically to the technology at issue, prohibiting prosecution of patents "…whose subject matter is related to the patent-in-suit, including, but not limited to any application in the area of 'seamless fixed mobile convergence,' Unlicensed Mobile Access ('UMA'), and related technology, including the "hands-off" of any portable device between networks, for example, between cellular networks and wireless local area networks."

This Court consistently issues protective orders with similar prosecution bar provisions. *See, e.g. Rmail Limited v. Amazon.com, Inc., et al.*, Case No. 2:10-cv-00258-TJW, Dkt. No. 69 (June 1, 2011) (granting the defendants' prosecution bar proposal that prohibits the plaintiff's litigation counsel from prosecuting reexaminations or new patents in the same field).

Because T-Mobile's proposal is a reasonable, narrowly tailored prosecution bar which is not a per se bar, but only restricts persons actually receiving "Highly Confidential – Attorneys' Eyes Only" or "Confidential Source Code" information, and because it provides necessary and important protections for the disclosure of sensitive information, T-Mobile requests that the Court adopt its proposed Protective Order language as set forth in paragraph 9 of the attached Order.

B.   Allowing the Parties the Right to Object to Experts or Recipients of Confidential Information Is Necessary to Protect the Parties.

There are two issues relating to experts or consultants who may receive confidential information. First, T-Mobile seeks the right to be able to object to Plaintiffs' proposed expert witnesses before such individuals are provided T-Mobile's protected information which is

classified as "Highly Confidential – Attorneys' Eyes Only" or "Confidential Source Code." Plaintiffs disagree that T-Mobile should have this protection and would apparently provide protected information to potential experts before T-Mobile has the opportunity to object. Second, these limitations should apply even if a recipient of information may be a fact witness. These provisions are set out in paragraph 13 of the Proposed Protective Order.

Being able to object **<u>before</u>** highly confidential information is viewed by potential experts is the only way that persons who may have conflicts of interest with T-Mobile can be prevented from access to T-Mobile's most sensitive information. Once such information is provided to a potential expert who may have a conflict of interest, it is simply impossible for that person to ignore what he or she has learned, whether they are conscious or unconscious of the use of the information.

T-Mobile's proposal also follows the requirements and procedure set forth in this Court's standard protective order for patent cases, with the additional requirement of disclosure of testifying and consulting experience, which often is not included in a typical academic curriculum vitae, but is specifically relevant to patent cases where a potential expert may be consulting for a competitor of T-Mobile. (Standard Protective Order ¶ 5(e).) Provisions similar to T-Mobile's proposal are routinely included in stipulated protective orders issued in this District in patent cases. *See, e.g.*, *Round Rock Research, LLC v. Oracle Corp., et. al*, No. 11-cv-332-RC-ALM, D.I. 163 (Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials) (May 22, 2012); *United Messaging Svcs. LLC v. Facebook, Inc., et al*; No. 11-cv-120, D.I. 274 (Agreed Protective Order) (Oct. 18, 2011); *Innova Patent Licensing, LLC v. 3COM Corp., et. al*; No. 10-cv-251, D.I. 376 (Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials) (March 21, 2011).

Further, the fact that a recipient of confidential information may also be a potential fact witness should be no ground for exempting that person from the objection process.  Indeed, allowing persons who would ordinarily be subject to objection by the opposing party to be excluded from the notice and objection process puts a loophole in place that could harm the parties.

For these reasons, T-Mobile requests that the Court adopt the language submitted in paragraph 13 of the attached Order.

    C.    <u>The Definition of "Highly Confidential" Information Should Not be Limited to "New Matter."</u>

In Paragraph 2, the Plaintiff would limit the definition of "Highly Confidential" to documents information "constituting new matter" or capable of being utilized for the preparation or prosecution of a patent "claim for an invention unknown in the prior art."

This limitation is not reasonable for two reasons.  First, it introduces ambiguity into the process by requiring a determination of what "new matter" would be or whether the information could be utilized for preparation or prosecution of a patent claim for an invention "unknown in the prior art."  Second, and even more fundamental, whether information is new may have no bearing on whether it is confidential.

Because the definition is already limited to information which is "trade secret," it cannot cover publicly-available information or prior art, so T-Mobile's definition is reasonable and appropriate.

## II.   <u>PLAINTIFFS' POSITIONS</u>

T-Mobile has produced numerous documents improperly designated as "Highly Confidential" and for disclosure to "Outside Counsel Only."  In an apparent attempt to obstruct Plaintiffs' ability to make legitimate use of T-Mobile's document production, T-Mobile has liberally designated numerous documents for restricted disclosure, including, for example, press releases by Plaintiff, Calypso; correspondence to or from Calypso; books and publications by third parties for public consumption; and guides and other documents provided by T-Mobile to its retail customers.  T-Mobile has also proposed that the parties agree to a protective order prohibiting anyone who receives disclosure of *any* information so designated by T-Mobile -- particularly Plaintiffs' attorneys and retained consulting or testifying experts -- from prosecuting or participating in the prosecution of patent applications broadly described as pertaining to "subject matter related to the patent-in-suit[.]"  *See* Exhibit 1 ¶ 9 (where highlighted to reflect T-Mobile's position.)  The Defendant's proposal for such a so-called "prosecution bar" is both inappropriate and unnecessary.  Although Plaintiffs' counsel or their law firm (collectively the "Matthews Lawson" firm) handles patent prosecutions, it has not prosecuted patent applications for the Plaintiffs in this case.

To expedite the discovery process and provide ample assurance to Defendant that its confidential information will not be misused in the future, Plaintiffs have proposed a Protective Order (Exhibit 1) that prohibits counsel and all others who receive information designated for restricted disclosure from using any such information for any purpose other than the "preparation, trial, and appeal of this Action," specifically including "prosecuting any patent application, for patent licensing, or for any other purpose."  Exhibit 1 ¶ 9.  With such restrictions in place, there is no need for this Court to also impose further restrictions on the legitimate

activities of Plaintiffs' counsel and retained experts with the unduly burdensome "prosecution bar" proposed by T-Mobile.

There are no circumstances in this case that warrant imposition of Defendant's proposed "prosecution bar."   The Plaintiffs' Proposed Protective Order adequately protects Defendant because 1) the Matthews Lawson Firm's relationship with the Plaintiffs is not of such a nature or so extensive as to constitute the "competitive decision making activity" for Plaintiffs that might justify imposition of a prosecution bar; and 2) Plaintiffs' proposed Protective Order provides specific protection against the improper use or disclosure of the Defendant's confidential information, with a specific prohibition against the use of such information in prosecuting future patent applications.

## A. The Matthew Lawson Firm Is Not Involved in the "Competitive Decision Making" of any of the Plaintiffs

Defendant's proposed prosecution bar should be rejected because the relationship between the Matthews Lawson Firm, or Plaintiffs' retained experts, and the Plaintiffs does not amount to competitive decision making, such that any prosecution bar is entirely unnecessary and inappropriate.   Indeed, at least one other court has expressly rejected T-Mobile's position that a prosecution bar is warranted on the basis of a "*per se* conclusion that prosecution attorneys are competitive decision-maker" as being contrary "to the Federal Circuit's decisions that encourage courts to examine each situation on its individual facts."  *Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, No. 08-C-1215, 2010 WL 1912250 at *1 (N.D. Ill. May 12, 2010).

"Courts considering a 'patent prosecution bar' provision focus on the factual circumstances surrounding each individual attorney's activities, association and relationship with his client and the attorney's involvement in his client's 'competitive decision making.'" *Photoprotective Technologies, Inc. v. Insight Equity A.P. X, LP*, CIVA SA06CA-1122OGNN,

2007 WL 2461819, at *1 (W.D. Tex. Aug. 27, 2007).  Competitive decision making refers to counsel's activities, association, and relationship with a client that result in counsel participating in any and all of the client's decisions, such as pricing and product design, made with regard to its competitor.  *U.S. Steel Corp. v. United* States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984). Competitive decision making "involves more than an attorney's 'regular contact' with his client's corporate officials" but actually requires counsel to give advice and participate in the decision making process. *Photoprotective*, 2007 WL 2461819 at *1.

T-Mobile bears the burden of showing this Court that the Matthews Lawson Firm is a competitive decision maker for Plaintiffs; and it is not until such circumstances exist that the Court should consider imposing a prosecution bar. *Id.* at *1.  A defendant must prove that the prosecution bar is not just a simple protective measure, but is necessary, because of opposing counsel's role in a plaintiff's competitive decision making.  A patent prosecution bar based "solely on an attorney's practice of prosecuting patents fails to consider the factual circumstances surrounding the attorney's activities, association and relationship with his client and the attorney's involvement in his client's competitive decision making." *Id.* at*2.

The Matthews Lawson Firm's relationship with Plaintiffs does not rise to the level of a competitive decision maker.    Moreover, the Plaintiffs are not engaged in competition with T-Mobile.  Plaintiff, Jimmy Williamson, P.C., is a law firm in Houston; Drago Daic is an individual who works with an onshore and offshore inspection company; and Calypso has been placed in Receivership by order of a Court in Delaware.

In sum, there are no circumstances justifying any argument by T-Mobile that the activities of any individual lawyer with the Matthews Lawson Firm, or the association and relationship between any of such lawyers and the plaintiffs indicates the attorney's involvement

in the client's "competitive decision making."  As such, Defendant's proposed prosecution bar is both unnecessary and inappropriate in the circumstances of this case.

Additionally, T-Mobile has previously been notified that Plaintiffs intend to use Dr. Ahmed Tewfik as a technical or liability expert in this case.  Dr. Tewfik is Chairman of the Department of Electrical and Computer Engineering at the University of Texas at Austin.  *See* Exhibit 2, the curriculum vitae of Dr. Ahmed H. Tewfik.  Additionally, and among other things, Dr. Tewfik is a named inventor on at least 22 patents (Exhibit 2 pp. 9-10), and has supervised the preparation of graduate-level theses, and/or published articles or book chapters, on a variety of subjects including wireless communications and other technologies that might be considered in some sense "related" to the subject of the patent-in-suit (*id.* pp. 4-9; 10-20).  The Protective Order proposed by Plaintiffs contains express provisions prohibiting Dr. Tewfik from using confidential information disclosed by T-Mobile for "prosecuting any patent application, for patent licensing, or for any other purpose" other than the "preparation, trial, and appeal of this Action." Exhibit 1 ¶ 9. There is no need or basis for T-Mobile's attempt to further restrict with its proposed "prosecution bar" Dr. Tewfik's ability to continue to engage in these or other activities associated with his position and profession.

Accordingly, the Court should reject T-Mobile's proposed "prosecution bar" as unsupported, unnecessary and inappropriate in this case, and enter Plaintiffs' proposed Protective Order as an order of the Court for this case.

### B.      Alternatively, T-Mobile's Proposed Prosecution Bar is Overly Broad

Alternatively, should the Court decide to include a prosecution bar in its Protective Order in this case, T-Mobile's proposal is too broad.  For example, any alleged need for a prosecution bar can properly arise only from an unusual risk of the use of a disclosing party's highly

confidential information in preparing or amending patent <u>claims</u> in a new or ongoing prosecution. Thus, there is no need for the blanket prohibition suggested by T-Mobile against participating in even a prosecution that presents no opportunity for submitting new or amended claims.

T-Mobile's proposal is also overly broad in view of T-Mobile's expansive descriptions of the scope of the bar as applicable to "any patent application [] *related* to the patent-in-suit *or* whose *subject matter is related* to the patent-in-suit, *including, but not limited to*, any application in the area of "seamless fixed mobile convergence," Unlicensed Mobile Access ('UMA'), and *related technology*, including the "hand-off" of any portable device between networks, for example, between cellular networks and wireless local area networks." This goes well beyond what is necessary to meet any legitimate need for protection against any risk of inadvertent use or disclosure of confidential information about the T-Mobile systems and technology at issue in this suit. And, since the subject of the information to be disclosed by T-Mobile subject to its proposed prosecution bar is only information about T-Mobile's accused systems and technology, as opposed to being related to the entire scope of Plaintiffs' patent, any prosecution bar should appropriately be confined to the T-Mobile technology at issue in this case.

Further, T-Mobile's proposal to keep a prosecution bar in place for "two years following" the final conclusion of this action is unnecessarily long; and its proposal to impose the prosecution bar upon disclosure of information unrelated to the technical details of its accused systems and technology and/or relating to products or technologies too old to be eligible for patent protection is too restrictive and unnecessary.

Accordingly, without prejudice to Plaintiffs' position that there is no need or appropriate place for a prosecution bar in the Court's Protective Order for this case, Plaintiffs propose the following more narrowly drawn alternative to the bar proposed by T-Mobile:

> Any individual who receives any technical or non-economic information designated "Highly Confidential - Attorneys' Eyes Only" or "Confidential Source Code" under this Protective Order, regarding T-Mobile products or technology first placed on sale or publicly used or disclosed less than one year before the disclosure of such information in this case, shall not prosecute or prepare any new or amended patent claim in any patent application (or assist in such prosecution or preparation) pertaining to the "products or technology accused of infringement in this case" on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate, during the pendency of this Action and for one year after its conclusion, including any appeals (the "products or technology accused of infringement in this case" being T-Mobile systems and services for using Unlicensed Mobile Access Technology for "fixed mobile convergence" or the seamless "hand off" of wireless communications using portable devices such as cell phones between cellular networks and wireless "WiFi" Internet networks.)

**C.     Additional restrictions proposed by T-Mobile, in Exhibit 1, should also be rejected.**

**1.     T-Mobile's proposal to define "Attorneys' Eyes Only" information as information "capable of being utilized for the preparation or prosecution of a patent."**

This proposal by T-Mobile (at Exhibit 1 ¶ 2) is too broad.  It could literally allow T-Mobile to improperly designate for restricted disclosure just about any information relating in any way to the technology at issue in this case.  Patent specifications often contain, for example, a discussion of prior art or the "background of the invention" and describe claimed inventions in the context of related information well known in the particular art.  Such information could be considered eligible for designation as "Highly Confidential" information, for disclosure to "Outside Counsel Only" under T-Mobile's proposal.  Moreover, T-Mobile has previously used this designation in a way that, pending a successful challenge to T-Mobile's improper designations, would improperly limit or preclude Plaintiffs' ability to use and disclose

information that should never have been designated by T-Mobile as "highly confidential" in the first place.

Plaintiffs' proposal on this issue, however, is appropriately narrower. Exhibit 1 ¶ 2. Plaintiffs' proposal would allow for the "Highly Confidential" designation to be used, not for any information "capable of being utilized" for any part of a patent application, but only for "information constituting new matter capable of being utilized for the preparation or prosecution of a patent *claim for an invention unknown in the prior art. Id.* (emphasis added).

### 2. T-Mobile's proposal to require disclosure of an expert or consultant's "consulting history" before disclosing any "confidential" information to an expert.

T-Mobile proposes to require advance disclosure of an expert or consultant's "consulting history" prior to providing information designated at any level of confidentiality to any expert or consultant. This is inappropriate. First of all, any such restrictions should be limited to experts or consultants receiving disclosure of information designated as "Highly Confidential" or Attorneys' Eyes Only" or "Source Code" information, not "Designated Information," which is defined in paragraph 2 of the proposed order in Exhibit 1 as including information designated as only "Confidential."

Secondly, requiring an expert or consultant to disclose his "consulting history" goes beyond the scope of discovery contemplated by the Federal Rules. Ordinarily, information about a consulting expert is not discoverable. *See Wi-Lan, Inc. v. Acer, Inc.*, 2010 WL 4118625, at *4 (E.D. Tex. 2010)("absent special circumstances, a party cannot even obtain discovery of the name of the consulting expert.") Requiring disclosure of a consultant's "consulting history" is at best inconsistent with this rule, and also raises the possibility of the unintended or improper

consequence of actually circumventing the rule with respect to cases in which a particular expert previously participated as a consultant.

> **3.      T-Mobile's proposal that it shall be deemed to have "good cause" for objecting to Plaintiffs' experts "if the person will likely be a fact witness in the action."**

T-Mobile's argument on the issue of disclosing experts in advance misses the point.  It is Plaintiffs' understanding that the remaining disagreement of the parties regarding the provisions in Exhibit 1 at ¶ 13 relates to T-Mobile's insistence on a right to veto Plaintiffs' ability to designate experts who may also give factual testimony in the case.  Again, T-Mobile's proposal is either too broad, or unduly vague or ambiguous.  As worded by T-Mobile, its proposal would literally give T-Mobile the right to veto Plaintiffs' designation of any expert who might be called upon to provide *any* factual testimony relevant to the issues in this case.  It is likely that any expert called by Plaintiffs will provide testimony representing some blend of factual and opinion testimony.   Thus,  Plaintiffs'  proposal  on  this  issue  is  more  reasonable  and  appropriate  in providing that "*the mere fact* that an expert or consultant may also be a fact witness ... shall not be considered good cause" for an opposing party's objection to the expert (emphasis added.)

Moreover, T-Mobile exaggerates Plaintiffs' position when arguing that it would not be able to object under Plaintiffs' proposal to a particular expert on the basis that he or she might be called upon to provide factual testimony.  In reality, Plaintiffs have only proposed that the "mere fact" that an expert may also be a fact witness is not alone sufficient to show that there is "good cause" for a party's objection.

## III.    CONCLUSION

For the foregoing reasons, the parties present their respective versions of the Protective Order for the Court's determination.

Dated:  October 19, 2012

/s/ Guy E. Matthews
(with permission by Jennifer P. Ainsworth)
Guy E. Matthews (lead attorney)
State Bar. No. 13207000
C. Vernon Lawson
State Bar No. 12058150
Matthew C. Juren
State Bar No. 24065530
**MATTHEWS LAWSON, PLLC**
2000 Bering Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689
gmatthews@matthewsfirm.com
vlawson@matthewsfirm.com
mjuren@matthewsfirm.com


Andy Tindel
Attorney & Counsel at Law, P.C.
112 E. Line St.
Suite 304
Tyler, Texas 75702
atindel@andytindel.com


*Attorneys for Plaintiffs Calypso Wireless, Inc.,*
*Drago Daic and Jimmy Williamson, P.C.*

Respectfully submitted,

/s/ Jennifer Parker Ainsworth
Jennifer Parker Ainsworth
Texas Bar No. 00784720
**WILSON, ROBERTSON & CORNELIUS, P.C.**
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone No. (903) 509-5000
Facsimile No. (903) 509-5092
jainsworth@wilsonlawfirm.com

William Dawson, Lead Attorney
Texas Bar No. 05606330
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: (214) 698-3132
Facsimile: (214) 571-2919
wdawson@gibsondunn.com

Josh A. Krevitt
N.Y. Bar No. 2568228
Benjamin Hershkowitz
N.Y. Bar No. 2600559
Anne Champion
N.Y. Bar No. 4425237
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
achampion@gibsondunn.com

*Attorneys for Defendant T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 19thday of October, 2012.

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth

## CERTIFICATE OF CONFERENCE

The undersigned certifies that in compliance with Local Rule CV-7(h), the parties have met and conferred on the issues set forth in this pleading, and this pleading provides the parties' positions in a joint format.

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth