IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CALYPSO WIRLESS, INC., et al., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 2:08-CV-441-JRG-RSP |
| T-MOBILE USA INC., | § § | |
| *Defendant*. | § | |

## ORDER

Before the Court is Defendant T-Mobile USA Inc.'s Motion for Summary Judgment of Non-Infringement of All Asserted Claims of U.S. Patent No. 6,680,923 (Dkt. No. 298, filed December 14, 2012). The Magistrate Judge filed a Report and Recommendation, recommending that T-Mobile's motion be granted. (Dkt. No. 309, filed January 15, 2013.) Plaintiff Calypso Wireless filed objections to the Report and Recommendation (Dkt. No. 316, filed January 29, 2013), and T-Mobile filed a response to Calypso Wireless' objections (Dkt. No. 319, filed February 15, 2013).

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines *de novo* all objected to portions of the Magistrate Judge's disposition. Having considered the objections, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. T-Mobile's Motion for Summary Judgment of Non-Infringement is **GRANTED** for the reasons set forth in the Report and Recommendation.

1

**DISCUSSION**

1. **Magistrate Judge's Consideration of the Evidence**

Calypso Wireless objects to the Report and Recommendation on the grounds that the Magistrate Judge failed to view the evidence in the light most favorable to the non-movant. (Dkt. No. 316 at 2-4.).

The Court has considered the alleged conflict between the testimony of Ms. Hamade and Mr. Hassan with respect to the "pre-established vicinity range" limitation, and agrees with the Magistrate Judge that there is no genuine fact dispute. Mr. Hassan testified that the distance between the handset and the router does not determine when switching between networks occurs, and Ms. Hamade's testimony does not controvert Mr. Hassan's testimony. The objection is overruled.

2. **Magistrate Judge's Application of the Claim Language**

Calypso Wireless argues that the Magistrate Judge misapplied the open transition term "comprising" by allegedly finding that the claim language "comprising a pre-established vicinity range" means "is a pre-established vicinity range." Calypso Wireless also complains that the Magistrate Judge did not properly consider the differences in the language of method claims 11-15. The Court finds that these objections have no merit.

The Magistrate Judge properly found that claim language "at least one of said predetermined parameters comprising a pre-established vicinity range" requires a showing that at least one of the predetermined parameters uses a pre-established vicinity range.

The Court also finds that the Magistrate Judge correctly concluded that method claims 11-15 are not infringed. Claim 11 requires that the automatic switching depend in part on the wireless communication device being inside or outside "said pre-established vicinity range." *See* U.S. Patent No. 6,680,923 (Claim 11 requiring in part that "automatically switching messaging

communication with said wireless communication device between the Internet and the over-the-air network dependent at least on said wireless communication device being inside or outside said preestablished vicinity range relative to the Internet access facility.") Under the Court's claim construction, a "pre-established vicinity range" means "a predetermined, maximum distance existing between the wireless communication device and the computer facility." The uncontroverted evidence shows that the wireless communication device does not know its distance from the Internet access facility, and therefore cannot switch based upon a predetermined, maximum distance.

3. **Magistrate Judge's Claim Construction**

Calypso Wireless' remaining objections are addressed to the alleged flaws in the Magistrate Judge's claim construction. (Dkt. No. 316 at 6-8.) Calypso Wireless also argues that this Court failed to properly review Calypso Wireless' prior objections to the Magistrate Judge's Claim Construction Memorandum and Order because the Court applied a clearly erroneous or contrary to law standard instead of a de novo standard. (Dkt. No. 13-14.)

As explained in the *PowerShare, Inc. v. Syntel, Inc.* case cited by Calypso Wireless, when "review of a non-dispositive motion by a district judge turns on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard" and therefore "for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard." 597 F.3d 10, 15 (1st Cir. 2010). Contrary to Calypso Wireless' assertion, this Court previously reviewed the Magistrate Judge's claim construction, a non-dispositive issue that is decided as a matter of law, according to the proper "contrary to law" standard. In any event, the Court has reviewed Calypso Wireless' present objections, and finds no reason to revisit the Court's claim construction.

## CONCLUSION

For the reasons stated in the Magistrate Judge's Report and Recommendation and those stated herein, T-Mobile's Motion for Summary Judgment of Non-Infringement of All Asserted Claims of U.S. Patent No. 6,680,923 (Dkt. No. 298) is **GRANTED**.

**So ORDERED and SIGNED this 25th day of February, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE